First case on our call this morning is agenda number 6, case number 108-500, People of the State of Illinois v. Jerry Stoffel. Council may proceed. Good morning. I'm Assistant Attorney General Catherine Saunders on behalf of the people in this case. The Post-Conviction Hearing Act and this Court's precedent in cases like People v. Shellstrom and People v. Swami Nathan make plain that the trial court here had no obligation to re-characterize this defendant's pro se, clearly labeled 214-01 Petition for Relief from Judgment. And this Court's precedent also holds in cases such as People v. Benson that a 214-01 Petition is subject to dismissal for one to factual or legal insufficiency. And therefore the trial court's decision here, declining to re-characterize the defendant's 214-01 Petition and instead dismissing it on the State's motion, was entirely appropriate and the appellate court's contrary conclusion was error. The trial court's judgment here is best understood as rejecting defense counsel's attempt to unilaterally recast what was clearly a 214-01 Petition as a PC based on his mere assumption that that's the way these things are usually treated. Counsel, didn't the trial court though, during the colloquy from May 2nd all the way through to the final decision, discuss the fact that he was appointed to do a post-conviction filing? His remarks during those status hearings, which again are case management proceedings, his remarks certainly betrayed his assumption that it would be treated as a PC and that it should be treated as a PC. But he was not appointed as post-conviction counsel. If you recall the procedural history of this case, the defendant filed a pro se 214-01 Petition for Relief from Judgment, clearly labeled as such. He definitely intended to proceed under section 214-01. Court appointed counsel in the next month in November and then in December the State moved to dismiss the PC, or moved to dismiss the 214-01, I'm sorry, for want of legal and factual insufficiency. But what about the colloquy in May 2007 that goes on? It was my original, the defense attorney said, it was my original understanding from this when I was appointed that I was to supplement this motion and it was to be treated as a post-conviction petition. And the State never objected to any of that colloquy? I believe the May, when he was making those remarks in May, that was at the hearing on the people's motion to dismiss the 214-01. So both the State, the people, and the court were proceeding as though this were a petition for relief from judgment. In fact, this was a hearing, the May hearing was a hearing on the people's motion to dismiss the 214-01 petition. And counsel's remarks at that point betrayed his assumption or his desire to treat it as a PC, but not that it was ever converted per se at any prior time. No, but the request, go ahead. If the court was really treating this as a 214-01 petition, what code of the civil procedure provisions does this authorization come from to appoint counsel? I'm sorry, I want to make sure I understood your question. What kind of procedure do we envision? What kind of procedure, what kind of authority enabled the court to appoint counsel in a 214-01 petition? There's no procedure that would require the appointment of counsel for a 214-01 petition. It was not a 214-01 procedure? There's nothing in the record to support the appellate court's conclusion that the mere appointment of counsel, by appointing counsel, the court was treating this as a post-conviction petition that had moved to the second stage of proceeding. Also, the trial court ordered a 651C certificate to be filed. And I think those certificates, by definition, pertain to proceedings under the Post-Conviction Hearing Act, again. Correct. And, again, that order came, that was at the, I believe it was the February hearing at which defense counsel was not even present. And the court, again, a status hearing. They were waiting for defense counsel to file his response to the people's motion to dismiss the 214-01 petition. And the court said, okay, I have on my, I show a petition for relief from judgment. And in the very next breath, he asked the defendant, who was transported, is this a post-conviction petition? And he says, yes, Your Honor. At which point he says, okay, I will order it. That was the defendant? Yes, the defendant, because defense counsel was not present. Was not present. It would be unreasonable to assume that the court of these status hearings, these various status hearings, was converting the petition into a post-conviction. In fact, the very fact that they discussed this, that they made argument for and against the recharacterization at the May hearing, necessarily assumes that it was not recharacterized at any of these prior status hearings. But that's the whole point. The request was to recharacterize it. And the court didn't feel you could, they had, the court felt it did not have discretion to recharacterize it. I disagree with that statement, Your Honor. The court, there's nothing in the record to support any understanding that the court didn't know it had the discretion. Again, the necessarily, because the parties were making arguments for and against recharacterization at that hearing in May. Did they cite any cases, any case law with regard to their positions? They did not. But, of course, we have to presume that the trial judge knows and follows the law. And the fact that, and there's nothing, of course, in the record to rebut that presumption here. And the defendant is offered nothing. And, again, recharacterization is not new. It didn't come into being with People v. Shellstrom. As we pointed out in our brief and as defendant cited the same case, the Palmer case from 1973, clearly was on the books for 30 years at that time, saying the trial courts had the discretion and the authority to recharacterize these pleadings as post-convictions petitions. Well, if every time a defendant files a 214-01 petition and the trial court refuses to recharacterize it as a post-conviction petition and dismisses it, can the defendant always thereafter file a post-conviction petition? There's no, there would be no reason why not. The dismissal of the section 214-01 petition is not going to bar a subsequent post-conviction, for example, as a successive petition. Are there any time bars? There's potentially a time limit. Yes, the Post-Conviction Hearing Act does contain essentially a six-month time limit. However, the defendant here could have, at the time he filed the 214-01 petition, he could have filed a post-conviction petition at that time or any time thereafter. And, in fact, his counsel conceded as much at the May hearing where he said, if you like, Your Honor, we can start over at square one and do it over again, but it would be easier to do it this way. And the court refused? The court declined to recharacterize, yes. What in the record indicates the court exercised its discretion in making this determination? Well, certainly the court heard argument from both sides. The state, again, had filed a motion to dismiss the 214-01 petition, and then when defendant subsequently filed to what he called supplement to post-conviction petition and then ultimately responded to the people's motion to dismiss, the state had also moved to strike those supplemental pleadings as non-responsive. And so at the hearing, the state went forward and said, Look, you can't do this. And one of the good reasons the state brought forth at that point is if you allow, say, in a situation like this with 214-01 petition and the court exercises its discretion to appoint counsel for that defendant, then if defense counsel simply delays beyond the 90 days in the Post-Conviction Hearing Act for the summary dismissal on Section 2.1 and then files some kind of supplement, that permits counsel to circumvent that 90-day dismissal period in the Post-Conviction Hearing Act. But it also shifts the recharacterization power. What the trial court objected to here was counsel's attempt to usurp the power to recharacterize it from the court to counsel. What would this situation hold? What would you answer to this situation? What if the court sua sponte recharacterizes a petition and gives the required admonitions and defendant objects to the recharacterization? What would be the standard of review for that? Well, I would start to say, first of all, that because this petitioner was represented by counsel from the outset, are we speaking of a different hypothetical? This petitioner, of course, was represented by counsel. So we've taken the position, and the appellate court took the position as well, that you wouldn't need the Shellstrom admonishments in a situation like that because he's got the benefit of legal counsel. But if the court sua sponte recharacterized it and gave the admonishments and defense of the defendant through counsel says, no, we don't want that, what would you say would be the standard of review? I would argue, again, for the same abuse of discretion standard of review. So as I said, contrary to defendant and the appellate majority, neither the appointment of the counsel nor the brief comments during the status hearings revealed any agreement or intent to recharacterize this position, although defense counsel apparently presumed it would be treated as a PC. The state consistently treated it according to its label, filed a motion to dismiss. The court treated the petition according to its label, ordered the defendant to file a response to the people's motion to dismiss and held a hearing on that motion and ultimately dismissed it on the state's motion. Counsel, we can agree that the trial court is not required to recharacterize a petition, but why should a refusal to do so not be reviewable, as you allege? We're not arguing that it's not reviewable. We're arguing that it should be reviewed for an abuse of discretion, but that that discretion is very, very broad in light of the language in Section 122-1D of the Post-Conviction Hearing Act that says that the court need not even consider recharacterizing a petition if it's not labeled as such. And again, I would like to emphasize that the defendant here is not prejudiced by the decision not to recharacterize. As noted in my answer to Justice Burke's question, if the defendant wishes he may still file a post-conviction petition. And as counsel conceded that he could still do so, there wouldn't be any successive petition bar as a result of a judgment on the 214-01. But most importantly, relief on his substantive claim here that including the weight of the waste product and the total amount of methamphetamine was violative of the Proportionate Penalties Clause in the Fifth Amendment. Relief on that claim is foreclosed by this Court's decision in People v. McCarty. So regardless of whether it's characterized as a 214-01 petition or a post-conviction petition, this defendant has suffered no prejudice from this recharacterization. Even if this Court were to disagree and hold that the Court was required to recharacterize this petition as a post-conviction petition, the matter should be remanded for first-stage post-conviction proceedings. By that I mean the trial court, upon docketing of this Court's mandate, should have the full 90 days to review the petition and dismiss it as frivolous and patently without merit under Section 2.1 if, in fact, it doesn't meet the standards. Again, that's consistent with this Court's recent decision in People v. Swaminathan saying that the Act's 90-day rule cannot apply until a pleading is recharacterized. So in order for the Post-Conviction Act to apply the statutory proceedings to work properly, we absolutely needed a line of demarcation from when that 90-day period can run. In sum, then, as this Court recently affirmed in People v. Swaminathan, the trial court is under no obligation to recharacterize a petition that can otherwise be dismissed on procedural grounds. And here the trial court did just that. It disposed of the Defendant's 214.01 petition on procedural grounds, it granted the People's motion to dismiss, and struck the supplements filed by Defendant's counsel. Thus, the trial court did not abuse its discretion. And if there are any further remarks, I'll save mine. Thank you. Good morning, Your Honors. May it please the Court, may it please counsel, I am Dwayne Schuster. I'm with the State Appellate Defender's Office, and I represent the Defendant in this case, Jerry Stoffel. Your Honors, the State insists that the trial court consistently treated Mr. Stoffel's original pleading, filed October 27, 2006, as a 214.01 petition. The State is wrong. On March 21, 2007, the Circuit Court ordered Mr. Stoffel's counsel to file a response to the State's motion to dismiss, and a Rule 651C certificate by April 11, 2007. Rule 651C, this Court's Rule 651C, pertains only to post-conviction proceedings. It has no application to 214.01 proceedings. The petitioner and his counsel consistently expressed their intent to proceed under the Post-Conviction Hearing Act as early as December 11, 2006. Along with his response to the State's motion to dismiss, defense counsel filed what he styled in his headings as supplements to post-conviction petition on April 11 and April 18, 2007. He accompanied both of those pleadings with Rule 651C certificates. These pleadings were filed within approximately one month of the appellate court's decision on direct appeal, and therefore they were timely within the meaning of Section 1221C of the Post-Conviction Hearing Act. They were also filed after the trial court specifically granted counsel leave to file them on March 21 in April 11, 2007. Therefore, the facts in this case affirmatively rebut any presumption or the State's insistence that the circuit court treated defendant's petition as a Section 214.01 petition. Jerry Stoffel filed the petition for relief from judgment. He did state it was filed under Section 214.01 of the Code of Civil Procedure on October 27, 2006. A judge of the circuit court appointed counsel for Mr. Stoffel on November 28, 2006. Mr. Stoffel's appointed counsel reasonably determined after review of the pleadings that it was appropriate to recast Mr. Stoffel's pleadings as a post-conviction proceeding because it raised constitutional claims cognizable under the Post-Conviction Hearing Act. Now, in his motion to strike, filed April 19, 2007, and in his argument before the trial court during a hearing on May 2, 2007, the prosecutor asserted that Illinois law did not permit the recasting of Section 214.01 petitions as post-conviction petitions. The circuit court accepted those arguments without additional independent analysis and dismissed Mr. Stoffel's pleadings on that basis. Now, neither the prosecutor's arguments nor the circuit court's order ever referred to this court's decisions in People v. Shellstrom and People v. Pearson. Shellstrom and Pearson established that the circuit court had authority to permit recasting of Mr. Stoffel's original pro se petition for relief from judgment as a post-conviction petition. Counsel, what relief are you seeking? What order do you want to see from this court? Your Honor, I believe that the appellate court acted reasonably and correctly in reversing the circuit court's judgment, and I believe that the remedy provided by the appellate court was reasonable under these circumstances. The appellate court ordered the circuit court to recast the petition. Now, the way I see this... Your Honor, I understand the arguments, but doesn't it seem a little peculiar that the appellate court can order the trial court to take an action that by statute the judge has the discretion to do or not to do? That is certainly a reasonable viewpoint, that that's a peculiar remedy. And what I was about to suggest is that based on the crazy circumstances of this case, there are several appropriate remedies that might be available here. And I would agree that this court is free, given the precedence in the controlling law and given its supervisory authority, to order whatever remedy this court feels is most appropriate to these circumstances. In fact, the State mentioned that if this court wants to at least partially affirm the appellate court and partially reverse the circuit court, that it remain for a first-stage proceeding. I recall in the State's brief that they noted, we didn't object to that. Well, I didn't object because I don't object. That's a reasonable remedy. I mean, if you send it back to the circuit court to consider these pleadings as post-conviction proceedings, well, you know, it's kind of interesting because that eliminates the problem that the State seems to see that I don't see about skirting the 90-day requirement. I mean, that would be a reasonable remedy. You send it back to the circuit court to treat these pleadings collectively as post-conviction proceedings and make a first-stage determination. You know, if it is dismissed as frivolous and patently without merit, at least he has another right to appeal that decision. What in this record, counsel, indicates, what in this record exactly indicates that the trial judge didn't think he had discretion? I noticed that when the petition is dismissed, if I can find it here, he stated, the defendant's attorney cannot caption his supplemental pleading as a post-conviction petition and thereby magically transform a pleading filed pursuant to statute as being filed pursuant to this statute. Accordingly, the State's motion to dismiss the defendant's petition for relief from judgment is granted. Yes, that's it. He nowhere said, I don't have any discretion to recast this. He didn't mention Shellstrom. And, again, the second part of my question is that Shellstrom says no obligation. The statute says no requirement, right, that it's recast. Correct. So where do you see where he didn't think he had discretion here? My best response is the very order that you just cited, Your Honor. I read that order, and I think at least reasonable people can disagree. I read that order as basically affirming or agreeing with or latching on to the prosecutor's arguments in the prosecutor's motion to strike and the prosecutor's arguments during the hearing on that motion to strike May 2nd. I was going to ask you, you mentioned it. Did that motion in itself say you, judge, don't have any discretion to recast, or did that motion say that counsel didn't have any authority to recast the 214-01 into a PC petition? That motion said counsel cannot do it because Illinois law does not provide for it. That's incorrect. This court provided for that remedy under People v. Shellstrom. But that's a long way from saying that they were saying the judge didn't have discretion or even further from saying that the judge is saying he didn't have discretion based on this record, isn't it? No, I respectfully disagree, Your Honor. I think the judge is saying he doesn't have discretion. I know you disagree. If we disagree with you, if we disagree with you that there isn't enough in this record to indicate that the judge thought he didn't have discretion, then would you agree that under Shellstrom and the statute itself, that if we feel the judge was exercising discretion in not recasting this as a 214-01, that the State has a point here? Oh, certainly. If that's a conclusion that you reach, certainly the State has a point. Now, I would not go as far as to say I was kind of interested in listening to counsel's argument that she clarified they are not arguing for unfettered discretion. Well, that's a good development to me because it seems like that's what they were arguing in their brief and in their reply, and that's very problematic to me. Counsel, the whole purpose of recasting is to present a situation where certain admonishments can be made to the defendant so he doesn't take the PC to his detriment. Yes. Right? There were no such admonishments given in this case, were there? There were not. Is that a fact that tends to suggest he wasn't recasting? The way I look at it, when you say he wasn't recasting, are you speaking of the trial court or counsel? Of the trial court. It seems what we're doing, it's clear the trial court didn't say one way or the other, I'm exercising discretion or I'm not exercising discretion. Yes. The argument is, look at what he did. That's an exercise of discretion, and the State would say, look at what he did. That is anything but an exercise of discretion. In marshalling the various facts, what is the weight of the fact that the Shellstrom admonishments were not given? Well, in my mind, that weighs pretty heavily. That's just further evidence that the trial judge was not aware of this court's Shellstrom decision. There is absolutely nothing in the record indicating that either the prosecutor or the trial judge was aware of Shellstrom. And on that note, I — Is awareness of Shellstrom a predicate to a recasting? It's not. No, it's — I don't think it's necessarily a predicate. But clearly under Shellstrom, once a judge reaches the point where he's considering recasting, and the way I understand Shellstrom, it's at the point where he's considering whether or not to recast. He's got to give the admonitions under Shellstrom. That did not occur here. Well, if he does give — if, in fact, we re-enter and we — I don't even — I have a hard time, say, ordering somebody to exercise discretion. I suppose that's what you would have us do. Under — you know, under the very unique circumstances of this case, I don't think that's a — actually, I think that's a reasonable solution. It is not clear to me from this record that he knew he had the discretion to recast. That would — and it was certainly the prosecutor's position. Can I ask a follow-up question? Sure. Can you tell from this record, you said, whether he does, whether he doesn't have the discretion in the same manner? It doesn't reveal whether he didn't — he thought he didn't have discretion? A double negative. Yes. Could you rephrase the question so I make sure I understand it respectfully, Your Honor? I think your argument was — and I want to get your argument right first or I can't answer it — that the record reveals that he didn't have a clue about having discretion. That's — yeah, that's essentially my argument. That's your argument. Yes. And I'm asking, does the record reveal the other side in any way? I can't see anything in the record indicating that he knew he had discretion to recharacterize. Except he exercised discretion in not recasting would be the argument. Well, the way I look at it is that order of dismissal is basically glomming on to the prosecutor's incorrect argument in his motion to strike. And in the hearing during May 2nd, that Illinois law doesn't provide for this. Now, my — I think a reasonable understanding and my understanding of Illinois law doesn't provide for this is that a court has no discretion to allow this. That's my premise. I believe the judge latched on to the prosecutor's erroneous argument. One final question. If we do what I think I understand you want us to do, which is to tell this trial judge to exercise his discretion, wouldn't the clock start at the moment that he exercised that discretion? Yes. Okay. So it would be within the 90-day period for dismissal? Yes. It would start from that point, yes. You would really have us evoke a new rule, that a judge not only has a right to exercise discretion but has to indicate every time on the record that he is using his discretion in a particular instance. And let me — you were the appellant in the appellate court, right? Yes. Right? Yes. So you had the obligation to provide something in the record to indicate — and I know you feel that you have based on this motion. I think you admit that there's nothing the judge said one way or the other, right? And we have a proposition of law that indicates that we assume that the trial judge, if there's nothing of the contrary, we assume the trial judge knew the law. So for you to say he didn't mention Shellstrom, he didn't mention that he had discretion, unless you can point to something in the record that convinces this court that he didn't know he had discretion, why wouldn't we use that proposition to say he knew the law, he exercised his discretion? And then the broader question is the one I asked first. I mean, in any case in which a — would this stand for — if we rule the way you would have us rule, any case in which a judge has the right to exercise discretion, must he indicate on the record that he knows he has discretion? I mean, we have many cases come before us on appeal that the standard of review is abuse of discretion. Are we going to have to look and see and make sure that that judge knew he had discretion, otherwise there's a reversal just based on the fact he didn't say on the record that he knew he had discretion? It's a long-winded question, but go ahead. Yes, and it's not the easiest question to answer either. I'll give it my best shot, Your Honor. My feeling is that if you look at the record overall, even if you look at it as sort of in equipoise as to whether or not he indicated he had discretion to recast, he certainly put the defendant and defense counsel in the frame of mind that the trial court was going to do that, because they repeatedly, from the point of December 11, 2006 on, stated that they wanted to proceed under the Post-Conviction Hearing Act. The state did not object to those statements, and the trial court basically allowed them to proceed and, in fact, granted them leave to file such pleadings by a specific date. Now, so I think as far as getting to your question, do you have to pronounce a broad rule, I don't think that's necessarily true to resolve this case. In this case, you can pronounce a rule that what the trial court did here was muddled, it was confusing, possibly unintentionally, but I think an objective view of the record leads one to believe that he somewhat misled the defendant and his appointed counsel into believing that it was okay for them to proceed under the Post-Conviction Hearing Act, and under these unique circumstances, you can order some type of remand that addresses those problems. One of the additional unique circumstances here seems to be that even though we've talked about the trial judge's action, you have three trial judges who were involved here that made different rulings at different times, and it's pretty apparent from looking at the transcripts that each one said, what do we have here? Defense counsel would say, well, this is in the nature of a post-conviction. But what we're reviewing, I believe, is Judge McHaney, the last judge who denied the request to recharacterize this as a post-conviction. And so what we have is a 214-01 petition, the state filed a motion directed to that, and Judge McHaney said, do you want some time to respond to the state? And then defense counsel again said, yes, and of course we're going to do some substantial work with the post-conviction. So it is a unique, and how does that factor into the whole situation, the fact that we do have different judges doing different things, when you indicate that the trial judge misled defense counsel in thinking it was recharacterized. And again, we have here a specifically entitled 2-1401 petition. So you have to assume that's what the defendant wanted to file. He didn't file some amorphous petition with no name or no section. That's true. If you can respond to that. I'll do my best, Your Honor. First of all, this Court's decision in People v. Pearson recognizes that even in those situations where the pleading is clearly filed as a 214-01 petition, there are still instances where recasting it as a post-conviction petition is appropriate in order to promote the remedial purposes of the act and to enable the defendant to best articulate his constitutional claims. Now, as far as different judges making different rulings in the case, with all due respect, I think that's irrelevant to the critical rulings because Judge McHaney, who ultimately granted the state's motion to dismiss, was the same judge who ordered defense counsel, specifically on the record and in a written order, to file a Rule 651C certificate. And during the hearing in which that took place, if I remember correctly, I hope I'm remembering correctly, that may have been the hearing where Mr. Stoffel's counsel was not present due to illness. But in the colloquy between Judge McHaney and the defendant, there was this conversation, is this a post-conviction proceeding? And the defendant reiterated his position, the one that he and his counsel had consistently stated from December 11, 2006 on, that yes, this is a post-conviction proceeding. Again, at that point, it's my recollection that it was Judge McHaney, the same judge who made the ultimate ruling in this case, who granted counsel leave to file additional pleadings, which he had been informed would be in the nature of a post-conviction petition, and ordered counsel to file a 651C certificate. That's the best way I can answer that question. And if there are no further questions, I would respectfully request that this court affirm the judgment of the appellate court. Thank you. Thank you. It seems that the defendant is making two arguments here, actually, and he can't decide which one it is, whether the court implicitly recharacterized it as a post-conviction petition, or whether the court was wholly unaware that it even had discretion to recharacterize the petition. Counsel, with regard to that, on the May 7th, though, Judge McHaney said the defendant's attorney cannot caption his supplemental pleading as a post-conviction petition, and thereby magically transform a pleading. So he's saying that he can't do it for some reason, which we don't he doesn't explain why. But we can look to the parties' arguments at the hearing of that motion to dismiss, and I have to say, I don't read the state's argument at that hearing the same way defense counsel does. I don't believe that the state argued at the hearing that the judge did not have discretion. What he said was it was inappropriate, because he said, look, the defendant is stuck with what he filed. He filed a 214-01, we filed a motion to dismiss it, they filed a response, and the judge says he can't caption his supplemental pleading. Or instead of saying he could recaption it, but it doesn't go anywhere. But he just said he cannot. But he didn't say that he didn't have the discretion. I disagree with defense counsel's characterization of that statement as meaning that he was  And we have to assume that the court knows and follows the law, as Justice Thomas was saying. And defendant's counsel said, well, the record's really in equipoise here. And if, in fact, that is the case, then actually the people would prevail in this case, because based on that presumption that the court knew and followed the law, and there's nothing in the record to rebut that presumption. Defense counsel has presented nothing in this record to show that the trial court was unaware that it had the discretion to recharacterize this 214-01 petition, when, in fact, the authority to recharacterize, again, did not rise from Shellstrom or Pearson. In fact, it existed certainly as far back as 1973 in the Palmer case. Following up on Chief Justice Fitzgerald's questions about the admonishments, how do you respond to that? As I said earlier, in a case where the defendant is represented by counsel, both the appellate court and the people in this case have taken the position that the Shellstrom admonishments really only apply in the context of a pro se petitioner, because there, without the advice of legal counsel, they might be unaware. Remember, Shellstrom, this court, exercised its supervisory authority to protect unwitting defendants from filing a, you know, who weren't aware before the case was filed. They weren't aware, perhaps, that they would be barred by a successive petition bar if, in fact, they didn't amend the petition to include all the claims they might have. And so Shellstrom was specifically, the admonishments were specifically geared to protect the rights of the pro se defendant. Correct. So here we said, no, we definitely would, we'd need a line of demarcation. So in People v. Swami Nathan, this court held that, well, the 90-day period runs from the time that all the admonishments were given and the petition is recharacterized. And certainly in a case like this where the defendant is represented by counsel, I would submit that the better practice would be for defense counsel to file a formal motion asking the court to recharacterize and that there would be proceedings on that motion and an order. On that point, Ms. Soners, do I have the quote wrong in light of the question asked by Justice Burke? I had that the trial judge said the defendant's attorney cannot caption a supplemental pleading. Correct. I think she said that he cannot. I mean, is the he referring to the defendant's attorney? Wasn't that his ruling? Yes, that's correct. Essentially, defense counsel, it seems to be little question here that defense counsel assumed this would be treated as a PC. But he was the only one laboring under that assumption. On this record, both the people and the court were proceeding as though it were a 214-01 petition. Counsel, it seems to me that the one thing we could agree on here is that there is a level of confusion regardless of which position you take. Yes, absolutely, Your Honor. We're not arguing that these proceedings are crystal clear, just that it's apparent that the court didn't recharacterize the petition as a post-conviction petition, and that the trial judge didn't know what the trial judge knew or didn't know at the time he was doing it. It's one possible outcome, but based on the presumption that the court knows and follows the law, and based on the fact that the defendant hasn't rebutted that presumption, it would really be unnecessary in this situation. We're not arguing, again, that the proceedings here are crystal clear, but just that it's plain that the trial court didn't recharacterize the petition as a post-conviction petition, and that he didn't abuse his discretion in declining to do so. If we were to decide that the record indicates that he did exercise discretion, we could find that as well, couldn't we? Correct. To determine when and when, if not, whether discretion has been exercised? My understanding is that the court took the case to determine whether there was abusive discretion in recharacterizing this petition. Again, I believe the defense counsel and I read the record differently, read the state's argument at that hearing differently, and I would refer the court in the white brief. There's a transcript of that hearing beginning at page 846. Again, nowhere does he say that the court has no discretion. And defense counsel was not misled in any way by these proceedings. It's plain that he was just operating under assumption that that's the way these things always, it's the way these things usually do, and that's the way I thought it was going to happen here. Over the last five years, this court has taken great pains to sort out these collateral remedies, and the procedure is applicable to each of them, say, post-conviction, 214-01, petitions for relief from judgment, habeas actions, and the procedures that apply to each are very different. And so the court could not have abused its discretion here by treating the petition as, according to its label, as a 214-01 petition. We'd ask that the appellate court's judgment be reversed and the judgment of the circuit court be affirmed. Case number 108-500 will be taken under a ten-minute recess.